Rebecca A. Lindemann
Richmond & Quinn, PC
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
rlindemann@richmondquinn.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHICAGO BRIDGE AND IRON COMPANY, N.V., <br><br> Plaintiff, <br><br> vs. <br><br> FAIRBANKS JOINT CRAFTS COUNCIL, AFL-CIO; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL #1547, <br><br> Defendants. | **COMPLAINT** <br><br> Case No. _____ |

COMES NOW, Chicago Bridge and Iron Company, N.V. ("CB&I"), and hereby files this Complaint for breach of contract and declaratory relief under the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Declaratory Judgment Act, 28 U.S.C. §. 2201 et seq. against Fairbanks Joint Crafts Council, AFL-CIO ("FJCC"), and the International Brotherhood of Electrical Workers, Local #1547 ("IBEW") (collectively, the "Unions") and in support states as follows:

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 1 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 1 of 8

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 (LMRA). The LMRA provides federal courts with exclusive subject matter jurisdiction over claims arising out of violations of a collective bargaining agreement. This Court has jurisdiction over Defendant unions as both organizations maintain principal places of business in this District and both have been engaged in representing or acting for employees within the District.

2. Venue is appropriate in this Court as the collective bargaining relationship at issue in this dispute between the parties arises within the territorial jurisdiction of this Court.

## II. THE PARTIES

3. Plaintiff, CB&I, is a Louisiana limited liability corporation, with its principal place of business in Baton Rouge, Louisiana. Defendant FJCC, is an unincorporated labor organization, and member of the AFL-CIO, which represents the employees of various employers in an industry affecting commerce, and maintains an office and principal place of business in Fairbanks, Alaska. The FJCC is a co-signatory, with IBEW Local #1547, to a collective bargaining agreement with CB&I as to bargaining unit work of employees of certain employers at U.S. Army Alaska (USARAK) bases under the terms of a DPW Support Services Contract.

4. Defendant, IBEW, is an unincorporated labor organization. The union represents the employees of various employers at operations in Alaska, and maintains its

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 2 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 2 of 8

offices, and principal place of business in Anchorage, Alaska. IBEW is a co-signatory with FJCC to a collective bargaining agreement with CB&I as to bargaining work of employees for certain employers at USARAK bases under the terms of a DPW Support Services Contract.

## III.  FACTS COMMON TO ALL COUNTS

5.  The Alaska Electrical Pension Fund ("Fund"), a multi-employer pension plan covered under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The Fund is an independent entity from the Unions.

6.  CB&I became a contributor to the Fund by virtue of CB&I's acquisition of The Shaw Group, Inc. ("Shaw") on February 13, 2013. One of Shaw's subsidiaries had been a party to a collective bargaining agreement ("CBA") between FJCC and Shaw Environmental and Infrastructure, Inc. covering the period from October 1, 2012 through September 30, 2014. (Exhibit "A"), 2012-2014 CBA. The 2012-2014 FJCC-Shaw CBA constituted a contract between Shaw and the Unions.

7.  After the expiration of the 2012-2014 FJCC-Shaw CBA, CB&I entered into a successor collective bargaining agreement with FJCC "and its affiliates," covering the period from October 1, 2014 through September 30, 2016. (Exhibit "B"), 2014-2016 CBA, Article 1.

8.  The FJCC and the various trades, including IBEW, are collectively referred to in the 2014-2016 CBA as the "Union." The trade unions that performed work for CB&I in Alaska are signatories to the 2014-2016 CBA. The 2014-2016 CBA constitutes a contract between CB&I and the Union, as so defined, including the FJCC and the IBEW.

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 3 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 3 of 8

9. Section 15.04 of both the 2012-2014 and the 2014-2016 CBAs provide, in relevant part:

> Pension Plan. With respect to employees covered by the Agreement, the Employer will contribute to the applicable Trust Fund according to Schedule "A," which is attached to this Agreement, for the purpose of providing retirement benefits for employees. (Exhibits "A", "B").

10. Schedule A to both CBAs required first Shaw and then CB&I to make contributions to the Fund of 2.75% of an employee's hourly wage for the period up to October 1, 2014, and 2.5% for the period up to October 1, 2015. Section 15.04 further provided that the "Union warrants and represents that the Employer's liability, with respect to providing retirement benefits, shall be no greater than as provided above" in Schedule A.

11. At all relevant times, first Shaw and then CB&I made all contributions required by Schedule A of the 2012-2014 CBA and the 2014-2016 CBA.

12. The Fund assessed CB&I $678,171 of withdrawal liability by letter demand on September 15, 2016 when CB&I allegedly ceased performing certain government contracts involving work to be performed at Fort Richardson and Fort Wainwright military bases in Alaska. (Exhibit "C"). The U.S. Government decided to re-bid the projects at both military bases in 2015 and CB&I, disqualified for not being a small business contractor, lost the bid to successful bidders Chugach Alaska Native Corporation and Wolverine Services, LLC. The Fund's demand letter contends that CB&I withdrew from the Fund during the 2015 plan year. However, the demand also contends that CB&I

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 4 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 4 of 8

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

inherited the contribution history of Shaw. Exhibit "C", p. 1, fn.1.

13. Withdrawal liability reflects an employer's share of any unfunded vested liabilities the Fund owes to employees at the time that the employer stops contributing to the retirement plan. 29 U.S.C. §§1381, 1391.

14. Accordingly, the withdrawal liability asserted against CB&I represents an increase in CB&I's cost of providing retirement benefits to its former union employees beyond the percentages set forth in Schedule A of both the 2012-2014 CBA and the 2014-2016 CBA.

15. To date, CB&I has paid certain amounts to the Fund of the withdrawal liability pursuant to the Fund's quarterly payment schedule, as required by ERISA, without prejudice to recoupment of such.

### IV. COUNT I - CLAIM FOR BREACH OF CONTRACT

16. CB&I restates and realleges paragraphs 1-17 above as if fully stated herein.

17. The 2012-2014 and 2014-2016 CBAs are valid and enforceable contracts between the Unions and CB&I.

18. Pursuant to Section 15.04 and Schedule A of the CBA's, the Unions warranted and represented to CB&I (and under the prior CBA to acquired company Shaw) that its liability for providing retirement benefits to union employees would not exceed the percentages set forth in Schedule A of the CBA's.

19. The withdrawal liability incurred by CB&I, and paid to the Fund to date, is in excess of the amounts set forth in Schedule A of each CBA. Accordingly, the Union's

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 5 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 5 of 8

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

contractual warranty under Section 15.04 of each CBA obligates each union to reimburse CB&I for liability for providing retirement benefits in excess of the contributions percentages set forth in Schedule A of the CBA.

20. CB&I requested that IBEW reimburse CB&I for the withdrawal liability by letter dated December 30, 2016. (Exhibit "D"). To date, the IBEW has failed to respond to this letter demand.

21. CB&I again requested that FJCC and IBEW reimburse CB&I for the withdrawal liability by letter by Federal Express dated June 13, 2017 demanding payment within fifteen (15) days of receipt. (Exhibit "E"). On August 29, 2017, counsel for the unions responded to the demand letter and rejected liability. (Exhibit "F").

22. The failures of IBEW and FJCC to pay CB&I for withdrawal liability incurred pursuant to said demands represents a breach of their respective warranty obligations under contract pursuant to the CBA's.

23. As a proximate result of the failure of IBEW and FJCC to reimburse CB&I for the withdrawal liability assessed by the Fund, with respect to which CB&I has made quarterly scheduled payments to the Fund, CB&I has been damaged.

24. CB&I is further entitled to an award of attorney's fees and costs in accordance with 29 U.S.C. §185.

WHEREFORE, CB&I seeks judgment in its favor against Defendants FJCC and IBEW for breach of contract and the recovery of all damages proximately caused by said

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 6 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 6 of 8

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

breach, as well as attorneys' fees and costs incurred in this action, and such further relief as this Court deems appropriate.

## V. COUNT II – CLAIM FOR DECLARATORY RELIEF

25. CB&I restates and realleges paragraphs 1-17 above as if fully stated herein.

26. This is an action for Declaratory Relief under 28 U.S.C. §2201(a) against FJCC and IBEW for the declarations of rights and legal obligations under the CBA.

27. CB&I has standing to assert a claim under the Declaratory Judgment Act as the Court's declaration as to the parties' rights under the CBA would redress CB&I's injuries stemming from the assessment of withdrawal liability by the Fund and the Union's refusal to pay CB&I for said damages.

28. The appropriate forum for this dispute is in the District of Alaska under the LMRA, and there is no other litigation pending between CB&I and the Union regarding these issues.

29. There is a present and justiciable controversy as to whether the Union is liable, pursuant to Section 15.04 of the CBA, to CB&I for unpaid withdrawal liability amounts assessed by the Fund.

30. This matter is ripe for the Court's determination as there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant declaratory relief as the controversy concerns whether IBEW and FJCC are liable under the CBA to CB&I for withdrawal liability demanded by the Fund representing the amount assessed by the Fund minus amounts previously paid by CB&I.

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 7 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 7 of 8

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

31. CB&I requests, therefore, that this Court enter declaratory relief in this action interpreting and declaring its contractual rights, and finding that Section 15.04 of the CBA requires the Union to reimburse CB&I for withdrawal liability amounts assessed by the Fund in the amount of $678,171.00, minus amounts previously paid by CB&I in quarterly withdrawal liability installments, as well as any additional amounts assessed by the Fund to CB&I.

WHEREFORE, CB&I seeks judgment against FJCC and IBEW:

(a) declaring that Section 15.04 of the CBA requires the Union to reimburse CB&I for any and all future withdrawal liability payments by CB&I to the Fund;

(b) awarding CB&I attorneys' fees and costs of this suit; and

(c) awarding such other and further relief as the Court may deem proper.

DATED this 19th day of April 2018 at Anchorage, Alaska.

RICHMOND & QUINN

By /s/ Rebecca A. Lindemann
   Rebecca A. Lindemann
   Alaska Bar No. 1309051
   360 K Street, Suite 200
   Anchorage, AK 99501
   Ph: (907) 276-5727
   Fax: (907) 276-2953
   rlindemann@richmondquinn.com

   Attorneys for Plaintiff

I:\100\038\PLD\COMPLAINT.docx

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Complaint
Chicago Bridge & Iron Company, N.V. v. Fairbanks Joint Crafts Council, et al., Case No. _____
Page 8 of 8
Case 3:18-cv-00100-JWS   Document 1   Filed 04/20/18   Page 8 of 8